MURRAY SMERLING, etc., Plaintiff, *v.* BROOKLYN AND QUEENS TRANSIT CORPORATION, Defendant.*

City Court of New York, Special Term, Kings County, June 12, 1940.

*Theodore Alexander Bardy,* for the plaintiff.

*William C. Chanler, Corporation Counsel [John A. Boland* of counsel], for the defendant.

GOLDSTEIN, J.   Motion to examine the defendant Brooklyn and Queens Transit Corporation before trial by its employee.

The corporation counsel of the city of New York, who has been substituted as attorney for the defendant Brooklyn and Queens Transit Corporation, opposes this application on the grounds that (1) there can be no examination before trial of a municipality, and (2) that a corporation cannot be examined by a former employee. Since this matter is novel and many applications of this nature are now being made, I believe it advisable to express my views on the subject.

This action is brought against the defendant Brooklyn and Queens Transit Corporation, a private corporation, to recover

---

* See, also, *Pace* v. *Brooklyn & Queens Transit Corp.* (175 Misc. 332).

damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendant. On the 1st day of June, 1940, the properties and franchises of the Brooklyn and Queens Transit Corporation were acquired by the city of New York, pursuant to a certain plan and agreement of unification and readjustment for the acquisition and unification under public ownership and control of rapid transit and surface railroads and related power properties and omnibus lines of the Brooklyn Manhattan Transit in the city of New York, adopted by the transit commission on June 27, 1939. The city, as part of its agreement, assumed all liabilities of the defendant. The corporation counsel contends that, since the city of New York is now in the possession of all the assets of the Brooklyn and Queens Transit Corporation, this action must now be considered as one against the city, with the result that a right the plaintiff had prior to June 1, 1940, to wit, the right of an examination before trial of an adverse party, is now lost because such right does not exist against a municipality.

The law is well settled that there can be no examination before trial of a municipality. However, I do not agree with the reasoning of the corporation counsel. In my opinion, the city of New York is not the defendant in the case at bar and so this settled rule of law does not apply. The action is still one against the defendant Brooklyn and Queens Transit Corporation. It is not against the city. It is true that the city, if the plaintiff recovers a judgment, will pay such judgment, but that is only because the city had agreed to do so as a condition to acquiring all the assets of the defendant. I have read the decision of my learned contemporary, Mr. Justice HOOLEY, in the case of *Maishever* v. *Brooklyn Bus Corp.* (N. Y. L. J. June 7, 1940, p. 2597), wherein he gives his reasons why an application similar to this one should be denied, but I must respectfully disagree with him. Several cases are cited in support of his opinion, but they simply hold that there is no right to an examination before trial of a municipality. I have no quarrel with that rule of law, but as pointed out by me heretofore, the action is not against a municipality but against a private corporation. Consequently, the application for examination before trial must be granted unless the second objection raised by the city is well taken.

Let us consider the second objection. It is urged that this motion must also be denied upon the ground that the motorman whom plaintiff seeks to examine is no longer an employee of the defendant Brooklyn and Queens Transit Corporation, but is in the employ of the city of New York. The rule of law is cited which holds that a defendant cannot be examined by a former employee,

and various cases are also cited in support of such rule of law. That rule is also well settled law in this State. However, it is conceded that the motorman did not leave the employ of the defendant Brooklyn and Queens Transit Corporation, but continued his employment with the city of New York which took over the assets of a private employer.

In the present instance there was no discharge by the employer or a resignation by the employee. The city has taken over the assets, etc., of the Brooklyn and Queens Transit Corporation, lock, stock and barrel, and the employee is now performing the same type of services for the city of New York and receiving his wages directly from the city for such services. In my opinion, however, he is not a " former " employee in the true sense of the law. The Brooklyn and Queens Transit Corporation is no longer continuing to operate its railroads and other properties and has waived all the contracts of such transit to the city; its employees have retained their jobs.

I am aware of the difficulties incurred by attorneys in order to faithfully comply with all the rules of procedure and practice laid down by the Legislature before commencing actions against the municipality. On too many occasions have I had situations occur before me where, because of failure to observe a technicality, a plaintiff with a good cause of action against the city of New York has been deprived of his cause of action. I do not believe it was ever the intention of the Legislature to accomplish such results.

The city has been granted broad powers for the examination of plaintiffs who institute negligence actions against it, yet seeks by a technicality to deprive the plaintiff in the case at bar of a right which exists against the defendant Brooklyn and Queens Transit Corporation.

It is my opinion that both objections of the corporation counsel must be overruled because of the situation involved.

. Motion for the examination of defendant before trial by its motorman is granted as to all items, except item 4. Examination to take place at Special Term, Part II, of this court on June 20, 1940, at ten A. M. The Brooklyn and Queens Transit Corporation should produce all books and records necessary to refresh recollection.